UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WINSTON TYRONE SIMONS,

    Plaintiff,

v.                                Case No.: 2:12cv51

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The Plaintiff, Winston Tyrone Mr. Simons ("Mr. Simons"), brought this action under Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Act.

This action was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B), by order of reference filed May 30, 2012. For the reasons expressed herein, the Court RECOMMENDS that Mr. Simons's Motion for Summary Judgment be DENIED, the Commissioner's Cross Motion for Summary Judgment be GRANTED, and the case be DISMISSED.

## I.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Simons is a fifty-three-year-old[1] male that will remain insured through September 30, 2013, and therefore must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits. (R.[2] 13). He has a high school diploma and is a veteran with three (3) honorable discharges.  (R. 37) Mr. Simons applied for DIB and SSI on October 16, 2009 alleging a disability onset date of August 4, 2008. (R. 64).

### A.  **Instant Application for Benefits**

The Agency denied Mr. Simons's application on December 23, 2009, and upon reconsideration on April 19, 2010. (R. 116, 126). Mr. Simons requested a hearing before an ALJ which was held on March 16, 2011. (R. 13, 27).  At his administrative hearing Mr. Simons was represented by counsel, Charlene A. Morring. Id.  Mr. Simons testified at the hearing. (R. 13, 35-59).  Barbara K. Byers, an impartial vocational expert, also testified.  (R. 13, 59-61).

On March 31, 2011, the ALJ issued a decision. (R. 10-22). The ALJ found that Mr. Simons was not entitled to SSI and DIB

---

[1] Mr. Simons was fifty-three years old at the time the ALJ issued his opinion.
[2] "R." refers to the certified administrative record of proceedings relating to this case (ECF No. 6), filed under seal pursuant to Local Civil Rule 7(C)(1).

because Mr. Simons had not been under a disability as defined by the Act from August 4, 2008 through the date of decision. (R. 14, 22). The ALJ found that Mr. Simons had the following severe impairments: back, neck, and mood disorders and hypertension. (R. 14). The ALJ found Mr. Simons capable of performing light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except the claimant can perform work activities provided they allow him to alternate sitting and standing periodically. (R. 18). Further, the ALJ found Mr. Simons capable of kneeling, crouching, crawling, and stooping only occasionally, and tasks that do not require climbing. Id. Mr. Simons can perform work activities that do not expose him to unprotected heights or dangerous machinery or equipment and retains the ability to perform simple, routine, 1-2 step work activities. Id. The ALJ concluded that Mr. Simons has severe impairments that prevent him from performing his past relevant work, but Mr. Simons retains the ability to adjust to other work existing in significant numbers in the national economy. (R. 22).

On April 19, 2011, Mr. Simons requested review of the ALJ's decision by the Appeals Council. (R. 9). The Appeals Council denied review on November 23, 2011, rendering the ALJ's decision "the final decision" pursuant to 42 U.S.C. § 405(g). (R. 1, 2) See 20 C.F.R. §§ 404.981, 416.1481.

Mr. Simons instituted this action for judicial review of the Commissioner's decision denying his 2009 DIB claim and 2009 SSI claim by filing a Complaint on January 24, 2012. (ECF No. 1). The Commissioner filed an Answer on May 29, 2012. (ECF No. 5). Mr. Simons filed a Motion for Summary Judgment and a memorandum in support of his motion on July 2, 2012 (ECF Nos. 9, 10). The Commissioner filed a Cross Motion for Summary Judgment and a memorandum in support of its motion and in opposition to Simon's Motion for Summary Judgment on August 1, 2012. (ECF Nos. 11, 12). Mr. Simons filed a Response in Support of his Motion for Summary Judgment on August 15, 2012. (ECF No. 13). As neither party in this case has indicated special circumstances requiring oral argument, the case is deemed submitted for decision based on the motion papers and memoranda. See Local Civil Rule 7 (J).

## II. **THE ALJ'S DECISION**

The Social Security Act, 42 U.S.C. § 301 *et seq.*, provides the following definition of "disability" for the purpose of obtaining disability benefits under the Act:

[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[3] which has lasted or can

---

[3] A medically determinable physical or mental impairment is an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

4

be expected to last for continuous period of not less
than 12 months.

20 C.F.R. §§ 404.1505(a), 416.905(a); see also 42 U.S.C.
§ 423(d)(1)(a). To meet this definition, the claimant must have
a severe impairment that makes it impossible to do previous work
or any other substantial gainful activity that exists in the
national economy. 20 C.F.R. §§ 404.1505(a), 416.905(a); see also
42 U.S.C. § 423(d)(2)(A).

## A.   The Five-Step Sequential Analysis

The Commissioner follows a five-step sequential analysis to
ascertain whether the claimant is disabled, which is set forth
at 20 C.F.R. §§ 404.1520(b) and 416.920(a). See Pass v. Chater,
65 F.3d 1200, 1203 (4th Cir. 1995). Under this process the ALJ
must determine in sequence:

(1)   Whether the claimant is engaged in substantial gainful
activity (i.e., whether the claimant is working). If
so, the claimant is not disabled and the inquiry is
halted.

(2)   Whether the claimant has a severe impairment. If not,
then the claimant is not disabled and the inquiry is
halted.

(3)   Whether the impairment meets or equals the medical
criteria of 20 C.F.R., Part 404, Subpart P, Appendix
1, which sets forth a list of impairments that warrant

5

a finding of disability without considering vocational

criteria.     If so, the claimant is disabled and the

inquiry is halted.

(4)    Whether the impairment prevents the claimant from

performing past relevant work.    If not, the claimant

is not disabled and the inquiry is halted.

(5)    Whether the claimant is able to perform any other work

considering both his residual functional capacity[4] and

his vocational abilities.    If so, the claimant is not

disabled.

20 C.F.R. § 416.920.

If an applicant fails at any step of the process, the ALJ

need not advance to the subsequent steps. Hunter v. Sullivan,

993 F.2d 31, 35 (4th Cir. 1992).

## B.    Steps One Through Three

At step one, the ALJ first determined that Mr. Simons had

not engaged in substantial gainful activity at any time since

August 4, 2008, the alleged onset of disability. (R. 15).    At

step two, the ALJ found that Mr. Simons had the following severe

impairments:    back, neck, and mood disorders and hypertension.

Id.    The ALJ also examined medical evidence of Mr. Simons's

---

[4] "Residual functional capacity" is the most a claimant can do in
a work setting despite the physical and mental limitations of
his impairments and any related symptoms (e.g., pain).    See 20
C.F.R. § 404.1545(a)(1).

6

history of hepatitis, cirrhosis/liver disease, gastrointestinal/bowel problems, mild ankle swelling, past alcohol and drug abuse, and sleep disturbance. He concluded that these impairments were "nonsevere because they did not exist for a continuous period of at least 12 months, were responsive to medication, did not require any significant medical treatment, or did not result in any continuous exertional or nonexertional functional limitations." (R. 16). At step three, the ALJ found that Mr. Simons did not have an impairment or combination of impairments listed in, or medically equal to an impairment included in the Secretary's Listing of Impairments located at Appendix 1 to 20 C.F.R. pt. 404, subpt. P. Id.

### C. Residual Functional Capacity Determination

The ALJ determined Mr. Simons's residual functional capacity ("RFC") based on the evidence in the record, including Mr. Simons's testimony, and the findings of treating and examining physicians. (R. 17). Evaluating the evidence as a whole, the ALJ determined that "the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b)and 416.967(b)." (R. 18). Specifically, the ALJ made the following findings: the claimant can perform work activities provided they allow him to alternate sitting and standing periodically; the claimant can kneel, crouch, crawl,

7

and stoop only occasionally, and can perform tasks not requiring climbing; the claimant can perform work activities that do not expose him to unprotected heights or dangerous machinery/equipment; and the claimant retains the ability to perform simple routine, 1-2 step work activities. Id.

In reaching a conclusion about Mr. Simons's RFC, the ALJ considered Mr. Simons's credibility and found that Mr. Simons's medically determinable impairments could reasonably be expected to cause the alleged symptoms of back and neck pain, hypertension, and depression; however the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible to the extent they are inconsistent with the above RFC assessment. (R. 18, 20). Mr. Simons testified that he could lift up to 30 pounds, sit for up to 2 hours, stand for one hour, and walk for half a mile. Id. In addition, Mr. Simons stays by himself during the day most of the time, uses a computer, reads, cooks, fishes, and does laundry. Id.

Pursuant to Social Security Ruling 96-6p, the ALJ gave significant weight to the opinion evidence of DDS medical consultants concerning Mr. Simons's exertional limitations.[5] In

_____

[5] Exertional limitations are restrictions imposed by a claimant's impairments and related symptoms that affect the claimant's ability to meet the strength demands of jobs. See 20 C.F.R. 404.1569a; Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *5. There

8

January 2011, the examining physician noted that Mr. Simons's pain was not interfering with his optimal level of functioning or with his ability to participate in rehabilitation. (R. 19). In March 2011, Mr. Simons reported pain, but all anatomical landmarks were within normal limits and the range of motion in his extremities remained normal. Id. Mr. Simons was given a home exercise program and the potential for rehabilitation was considered "good." Id. The medical consultants stated that Mr. Simons "could lift 20 pounds occasionally and 10 pounds frequently, sit for 6 hours and stand or walk for 6 hours in an 8-hour workday." (R. 20). They also found that Mr. Simons could perform postural activities occasionally. (R. 20). The ALJ concluded that these findings were entitled to significant weight because they were generally consistent with the objective findings from examinations, the conservative nature of the treatment required, and by Mr. Simons's activities of daily living. (R. 20).

### D. Past Relevant Work

At step four, the ALJ concluded that Mr. Simons is unable to perform any past relevant work. Mr. Simons's jobs include Tank Cleaner, Roofer, and Paving Laborer. (R. 59-60). According to the testimony of Barbara Byers - an impartial vocational

___

are seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling. Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *5.

expert, Mr. Simons's past relevant work required him to lift more than 20 pounds on occasion, which is precluded by his RFC. (R. 20). DDS medical consultants also confirmed that Mr. Simons is unable to perform his past relevant work.[6] Id.

### E. Ability to Perform Work

Mr. Simons bears the initial burden of proving the existence of a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512, 416.912; Smith v. Califano, 592 F.2d 1235, 1236 (4th Cir. 1979).

Once the claimant has established at step four that he cannot do any work he has done in the past because of his severe impairments, the burden shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy which the claimant could perform consistent with his RFC, age, education, and past work experience. Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).

Pursuant to C.F.R. § 404.1563 and 416.963, Mr. Simons was fifty years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. (R. 20). The ALJ further noted that Mr. Simons had a high school education, and is able to communicate in English. Id. If Mr. Simons had the RFC to perform the full range of light work, then

___

[6] Past relevant work is work that the claimant has performed within the past fifteen years and that the claimant performed long enough to learn how to do it. 20 C.F.R. § 404.1560(b).

a finding of "not disabled" would be directed by Medical-Vocational Rule 202.14 and/or Rule 202.15.  (R. 21).  Based on the testimony of the vocational expert and after considering the age, education, work experience, and RFC, the ALJ concluded Mr. Simons was capable of other jobs existing in significant numbers in the national economy.  (R. 21-22).

### III.  ISSUES ON APPEAL

Mr. Simons's issues are as follows:  (1) whether the ALJ's RFC is supported by the medical evidence as to whether Mr. Simons can perform substantial gainful activity; (2) whether the ALJ considered Mr. Simons credible complaints in determining his ability to perform substantial gainful activity; and (3) whether the ALJ improperly relied upon the vocational expert's testimony and improperly failed to consider Mr. Simons's use of a TENS unit.

### IV.  STANDARD FOR REVIEW OF THE COMMISSIONER'S DETERMINATION

The scope of judicial review of the Commissioner's final decision is specific and narrow.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); see 42 U.S.C. § 405(g).  This Court's review of that decision is limited to determining whether there is substantial evidence in the administrative record to support the Commissioner's decision and whether that determination was based on the correct application of the law.  42 U.S.C. § 405(g); Hunter, 993 F.2d at 31, 34; Hays v. Sullivan, 907 F.2d

11

1453 (4th Cir. 1990); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) ("[A] factual finding by an [ALJ] . . . is not binding if it was reached by means of an improper standard or misapplication of law.").

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hunter, 993 F.2d at 34 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

The Commissioner has the duty to make findings of fact and resolve conflicts in the evidence. Hays, 907 F.2d at 1453 (citing King v. Califano, 599 F.2d 497, 599 (4th Cir. 1979)). The Court does not conduct a de novo review of the evidence nor of the Commissioner's findings. Schweiker, 795 F.2d at 345. In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Hays, 907 F.2d at 1456). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the Commissioner's designate, the ALJ)."

Craig, 76 F.3d at 589 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. Richardson, 402 U.S. at 401. Accordingly, the Court will not re-weigh the evidence in the administrative record. Rather it will determine whether a reasonable mind could conclude that the evidence in the record sufficiently supports the ALJ's decision and whether that decision was reached based upon the correct application of relevant law. See Coffman, 993 F.2d at 517; Hayes v. Gardner, 376 F.2d 517, 520 (4th Cir. 1967).

## V. ANALYSIS

### A. ALJ's RFC is Supported by Medical Evidence of Mr. Simons's Ability to Perform Substantial Gainful Activity

When the medical signs or laboratory findings show that the claimant has a medically determinable impairment(s) that could reasonably be expected to produce symptoms, such as pain, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms so that he can determine how the claimant's symptoms limit his capacity for work. 20 C.F.R. § 404.1529

In evaluating the intensity and persistence of the claimant's symptoms, the ALJ considers all of the available evidence, including the claimant's history, the signs and laboratory findings, and statements from the claimant, the

13

claimant's treating or non-treating source, or other persons about how the claimant is affected by his symptoms. 20 C.F.R. § 404.1529

The ALJ considered several pieces of objective medical evidence that support Mr. Simons's ability to perform substantial gainful activity. There is no doubt that Mr. Simons has severe impairments (physical and mental) that cause varying levels of pain as noted by the ALJ's opinion. (R. 15). In January 2008, Mr. Simons underwent an MRI which revealed he suffers from degenerative spondylosis. (R. 332). In May 2009, Mr. Simons was treated for pain in his left arm (R. 462). In August 2009, Mr. Simons sought treatment for minimal depression (R. 440).

However, there are several examples of objective medical evidence where Mr. Simons did not exhibit symptoms of his impairment or pain. In October 2008, Mr. Simons indicated that his pain in his shoulder was 0 out of 10. (R. 499). In March 2009, Mr. Simons reported that the back pain he suffered from one month earlier which was an 8 out of 10 was now a 0 out of 10. (R. 481). The examiner noted in March 2010 that Mr. Simons had been losing feeling in his right thumb for the past three years, but Mr. Simons believes the feeling is the result of a blister on the end of his thumb after doing demolition work and using a chipping hammer. (R. 372). During that same visit, he

denied neck pain, shoulder pain, elbow pain, and wrist pain. Id. The medical evidence supports the finding that Mr. Simons is able to perform substantial gainful activity.

**B. The ALJ Properly Considered Mr. Simons's Complaints in Determining His Ability to Perform Substantial Gainful Activity**

The ALJ properly weighed Mr. Simons's complaints in his decision to find that Mr. Simons is not been under a disability within the meaning of the Social Security Act from August 4, 2008 through the date of the ALJ's decision. Mr. Simons must meet the definition of "disabled" as outlined in Medical-Vocational Rule 202.14 and/or Rule 202.15. To meet the definition of disabled, the ALJ must consider all symptoms, including pain, and consider whether those symptoms can be reasonably accepted in light of objective medical evidence, and other evidence such as statements from the claimant about his daily activities and efforts to work. The ALJ compared Mr. Simons's statements concerning his lifestyle and limiting effects of his impairment with the objective medical evidence in the record. See 20 C.F.R. § 404.1545(e); Craig, 76 F.3d at 591.

Credibility determinations are reserved for the ALJ. Deference must be given the fact-finder's inferences and credibility assessments; the scope of review of ALJ findings is limited. See Newport News Shipbuilding & Dry Dock Co. v. Director, Office of Workers' Compensation Programs, 681 F.2d

938, 941 (4th Cir.1982). Therefore, the Court's analysis is restricted to determining whether the ALJ's decision is supported by substantial evidence and whether the ALJ applied to appropriate legal standard. Craig, 76 F.3d at 589.

In evaluating a claimant's subjective complaints regarding pain or other symptoms, the ALJ must follow a two-step process: (1) determine whether there is objective medical evidence showing the existence of "a medically determinable impairment(s) that could reasonably be expected to produce [the] symptoms, such as pain" alleged; and (2) if there is such evidence, "evaluate the intensity and persistence of [the claimant's] symptoms [in order to] determine how [the] symptoms limit [the claimant's] capacity for work." 20 C.F.R. § 404.1529(c)(1); see also Craig, 76 F.3d at 594-95; Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *4. In conducting the second step of the analysis, the ALJ is required to make a credibility determination as to the claimant's statements "whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence." Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *2; see also 20 C.F.R. § 404.1529(c)(4).

The ALJ determined that Mr. Simons met step one because the record contained evidence of several conditions which could reasonably be expected to produce some of the pain that Mr.

16

Simons exhibited, however the ALJ weighed the intensity and persistence of Mr. Simons's pain in step two and determined that Mr. Simons's condition is not of such a degree that it would affect his ability to work. The ALJ considered whether Mr. Simons's complaints of pain were credible in light of his daily activities. The ALJ found that they were not.

Mr. Simons's testified to performing an array of household chores. While a claimant's ability to participate in limited household chores by itself does not prove that he has the ability to perform substantial gainful activity, the ALJ is allowed to consider these activities among other factors. 20 C.F.R. §404.1529(c)(3). Evidence of the claimant's daily activities or ability to function while on medication may undermine the claim of disability. Baxter v. Astrue, 3:11-CV-679, 2013 WL 499338 (E.D. Va. Feb. 7, 2013).

Mr. Simons's testified to performing various household chores including doing laundry, vacuuming, cooking, and mowing the lawn when able (R. 18, 52, 67). In addition, Mr. Simons testified that he goes fishing at least four to five times a year and is able to spend half a day on the boat. (R. 52). In addition the ALJ found that Mr. Simons's mental impairment still allows him to have friends and interact appropriately with medical providers. (R. 17). Despite some pain, cramps, and difficulty in some routine activities, Mr. Simons's is able to

17

perform light work. (R. 67). Therefore, the ALJ found that the "record shows that he retains the ability to understand, remember and carry out simple, routine tasks." Id.

C. The ALJ Properly Relied on the Vocational Expert's Testimony and Properly Considered Mr. Simons's Use of a TENS Unit

The opinion of a "vocational expert in a social security disability case must be based on more than just the claimant's testimony; it should be based on claimant's condition as gleaned from the entire record." Walker, 889 F.2d at 47. In determining whether jobs exist in the national economy, regulations promulgated by the Secretary state that the ALJ "will take administrative notice of reliable job information available from various governmental and other publications." English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993). When the ALJ determines that unskilled, sedentary, light, and medium jobs exist in the national economy (in significant numbers either in the region where you live or in several regions of the country), we will take administrative notice of reliable job information available from various governmental and other publications. For example, administrative notice is taken of the Dictionary of Occupational Titles, published by the Department of Labor. 20 C.F.R. § 404.1566.

Barbara Byers, a vocational expert, testified during the hearing and concluded that there are examples of jobs that Mr.

18

Simons could perform in the national economy.[7] (R. 60). After both reviewing Mr. Simons's file and listening to Mr. Simons' testimony, Ms. Byers concluded that Mr. Simons could perform light duty work with some modification to allow Mr. Simons to alternate between sitting and standing positions periodically. Id. Ms. Byers testified that there were jobs in the light unskilled level of work that Mr. Simons would qualify for including: agricultural produce sorter, with 250,000 nationally and 1,000 in Virginia; Cashier, with 3.4 million nationally and 100,000 in Virginia; and mail clerk, with 200,000 nationally and 3,000 in Virginia. Id.

Plaintiff incorrectly asserts that the ALJ failed to consider Mr. Simons use of a TENS unit. In his opinion, the ALJ determined that Mr. Simons's "pain persists despite the use of a TENS unit" (R. 18). The TENS unit is not a controlling factor, but is one of many factors what the ALJ considered in his decision. Although Mr. Simons still had pain with the TENS unit, he testified that he could still lift up to 30 pounds, sit for up to 2 hours, stand for one hour and walk for one-half mile. (R. 18, 44). See Meacham v. Barnhart, 6:04-CV-00042, 2005

---

[7] The purpose of the vocational expert's survey is not to find a job for the claimant, but to see whether suitable work is available for which the claimant could compete realistically. Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540, 543 (4th Cir. 1988).

WL 2043951 (W.D. Va. Aug. 24, 2005) (concluding that the TENS unit in consideration with other evidence supported the ALJ's finding that plaintiff retained the capacity to perform a range of light and sedentary work). The use of the TENS unit was properly weighed in consideration of all other evidence including Mr. Simons's testimony and objective evidence of medical diagnoses and treatments.

## VI. CONCLUSION

Having reviewed the merits of the instant action, the Court finds that the ALJ's decision to deny Plaintiff's SSI and DIB applications was supported by substantial evidence and was made in accordance with relevant law. The Court also finds that the ALJ's ultimate conclusion that Mr. Simons is capable of performing light work as of the date last insured was supported by substantial evidence. The Court further finds that the ALJ properly relied upon the Medical-Vocational Guidelines to determine that Mr. Simons was not disabled.

## VII. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the Plaintiff's Motion for Summary Judgment (ECF No. 9) be DENIED, the Commissioner's Cross Motion for Summary Judgment (ECF No. 11) be GRANTED, and the case be DISMISSED.

## VIII.  REVIEW PROCEDURE

By copy of this Report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1):

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this Report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

2.  A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to forward a copy of this Report and Recommendation to all counsel of record and is further DIRECTED to change the Defendant's name in the caption of the case to

read "Carolyn W. Colvin, Acting Commissioner, Social Security

Administration."

_____

LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 1, 2013

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Charlene A. Morring
Montagna Klein Camden LLP
425 Monticello Avenue
Norfolk, Virginia 23510
Counsel for the Plaintiff

Joel Eric Wilson
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for the Defendant

Fernando Galindo
Clerk of the Court

By: _____
Deputy Clerk
March _l_, 2013