UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WINSTON TYRONE SIMONS,

    Plaintiff,

v.                                                  Civil Action No. 2:12cv51

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.

## ORDER

Plaintiff brought this action under 42 U.S.C. § 405(g) and 5 U.S.C. § 706, seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and supplemental security income pursuant to 216(i) and 223 of the Social Security Act.

This matter was referred to a United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, for consideration of a Motion for Summary Judgment filed by Plaintiff and a Cross-Motion for Summary Judgment filed by the Commissioner of Social Security.

The Report and Recommendation (R&R) of Magistrate Judge Lawrence R. Leonard was filed on March 1, 2013, recommending that (1) Plaintiff's Motion for Summary Judgment be denied; (2) the Commissioner's Motion for Summary Judgment be granted; and (3) the case be dismissed.

By copy of the Report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received Plaintiff's objections to the Magistrate Judge's R&R, and has considered the objections carefully.

Plaintiff contends that the Magistrate Judge erred when he recommended that the decision of the Administrative Law Judge (ALJ) to deny benefits should be affirmed. Plaintiff argues that the ALJ failed to consider the combined effects of Plaintiff's disabilities and that the testimony of the vocational expert upon which the ALJ relied was improper.[1] After reviewing the record *de novo,* the record shows that the ALJ's determination that Plaintiff was capable of performing light work was based on a consideration of all of Plaintiff's disabilities, and that vocational expert testified properly that Plaintiff was capable of performing light work with a sit/stand option.

Therefore, the Court **ADOPTS** the findings and recommendations set forth in Judge Leonard's Report and Recommendation (ECF 14). 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b). Plaintiff's Motion for Summary Judgment (ECF No. 9) is **DENIED**, the Commissioner's Motion for Summary Judgment (ECF No. 11) is **GRANTED**, and the case is **DISMISSED**.

The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

**IT IS SO ORDERED.**

/s/  
**Arenda L. Wright Allen**  
**United States District Judge**

Arenda L. Wright Allen  
United States District Judge

March 22, 2013  
Norfolk, Virginia

---

[1] Plaintiff's counsel asserts that Judge Leonard "ignored" these arguments. However, counsel failed to raise a "combined effect" objection in any briefing prior to the issuance of Judge Leonard's R&R. Moreover, Plaintiff's arguments regarding the testimony of the vocational expert were addressed in the Report and Recommendation. *Compare* Compl. para. 12, ECF No. 1, *and* Br. Supp. Mot. Summ. J. 24–26, ECF No. 10, *with* R&R 18–19, ECF No. 14. Had counsel wished Judge Leonard to consider additional arguments, such arguments should have been fully presented to him. *See Ivy v. Sec'y of Health & Human Servs.*, 976 F.2d 288, 289 (6th Cir. 1992) (requiring judges to consider the "major, relevant, *and well-articulated*" arguments from parties (emphasis added)). Because Plaintiff's arguments are unsupported by the record, the Court need not consider whether they have been waived.